## THOMAS SUMMERS ET AL.

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Fish—Acts 1885 and 1887—Repeal—Fixing Amount of Fine—Jury.*

1. Anything which substantially and materially interferes with the passage of fish up and down stream. is within the meaning of the act of 1885 forbidding any obstruction to their free passage.

2. In the case presented the question whether the act of 1885 was repealed by that of 1887 is not material, as such repeal would not affect a pending prosecution.

3. Upon appeal from a justice in such cases the jury may fix the amount of the fine to be imposed.

[Opinion filed September 21, 1888.]

IN ERROR to the Circuit Court of Brown County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for plaintiffs in error.

Under the common law defendants had the right to take fish ; and the owner of the lands, Vandeventer, who leased to defendants, had the exclusive right to take fish from his own lands. 3 Kent's Com., 411, Note A; Commonwealth v. Chapin 5 Peck, 199 ; Stoughton v. Baker, 4 Mass. 522 ; Burnham v. Webster, 5 Mass. 256 ; Vinton v. Welch, 9 Pick. 87 ; Hooker v. Cummings, 20 Johns. 90. See also Parker v. People, 111 Ill. 581.

This suit should have been dismissed on the motion made by the defendants, on the grounds that the law under which the prosecution was instituted was repealed by the act of 1887. The law of 1887 covered all the ground of the former act, and was manifestly intended as a substitute for it ; hence, by a well established rule of construction, recognized by the Supreme Court of this State and other States, repealed it by implication. See Board of Trustees v. City of Chicago, 14 Ill. 334 ; Andrews v. People, 75 Ill. 605 ; Culver v. Third National Bank, 64 Ill. 534.

Summers v. The People.

"A subsequent statute revising the whole subject of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former." Bartlett v. King, 12 Mass. 537; Towle v. Mavett, 3 Greenl. 22.

These cases are cited in the case of Board of Trustees v. City of Chicago, 14 Ill. 334, with approbation, and such will be found the doctrine of all the books.

The same doctrine has been announced, and the same reasons adopted in other States. Hickmann v. Pinkney, 81 N. Y. 215 ; Farr v. Brackett, 30 Vt. 344; Wakefield v. Phelps, 37 N. H. 205 ; D. & L. Pk. Road Co. v. Allen, 16 Ill. App. 15 ; Davies v. Fanburn, 3 How. 636 ; Dowdell v. State, 58 Md. 333 ; Dugan v. Gittings, 3 Gill. 138.

Mr. JOHN J. TEEFEY, for defendants in error.

CONGER, J.   This was a prosecution against plaintiffs in error for a violation of Sec. 2 of the act of 1885 commonly known as the Fish Law. This section provides: "That no person shall place, cause to be placed or erected, any seine, net, wire, fish dam or other obstruction in, or across  *  *  * any watercourse in such manner as shall obstruct the free passage of fish up or down or through such watercourse."

The evidence discloses that plaintiffs in error set a net with wings which reached nearly to the banks on either side. Some of the witnesses stated that the wings came within a few inches of the banks, while others testified that upon one side there was a space of four feet between the end of the wing and the bank, through which fish could and did pass.

It is evident, we think, from the language of the act, that the legislation intended to prohibit such an obstruction to the passage of fish as is shown in this case. Some of the fish passing along the stream succeeded in escaping the net and made their way around the ends, and because of this it is insisted by plaintiffs in error that their free passage was not obstructed.

We can not assent to this conclusion. Webster defines

"free" as "not under restraint; at liberty; not obstructed; as, the water has a free passage or channel."

Anything which substantially and materially interferes with the passage of fish up and down the stream would come within the meaning of the words "obstruct the free passage of fish," although it might be shown that it would be possible for all the fish in the stream to pass around or over such obstructions.

It is insisted that the suit should have been dismissed on the ground that the law of 1885 was repealed by the act of 1887. It is not necessary to determine the question, for the reason that if the law of 1885 has been repealed by that of 1887, as contended by plaintiffs in error, it would make no difference in the present case. Sec. 4, Chap. 131, R. S., provides that such repeal shall not affect any prosecution begun under and by virtue of the act so repealed.

It is next insisted that it was erroneous for the jury to fix the amount of the fine. In all cases of appeal from a justice it seems to be intended that the jury may fix the amount of the fine to be imposed. Sec. 11, Div. 9, Criminal Code.

Finding no substantial error in the record, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*